IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA JOINT BOARD, : CIVIL ACTION
WORKERS UNITED, SEIU BY LYNNE :
FOX, MANAGER, TRUSTEE AD LITEM, :
et al. :
 :
    v. :
 :
UNITE HERE, et al. : NO. 09-cv-4857-JF

MEMORANDUM

Fullam, Sr. J.                                                                 May 4, 2010

      The plaintiffs, a regional labor organization and its local in the Philadelphia region, filed suit in state court against other union organizations alleging state law tort claims. The defendants removed the case to this Court; the plaintiffs seek remand and have filed an amended complaint, which they maintain eliminates the allegations in the original complaint that the defendants had argued gave rise to federal subject-matter jurisdiction.

      The defendants oppose remand of the amended complaint and have premised federal subject-matter jurisdiction on § 301 of the Labor Management Relations Act, which provides that suits for violation of contracts between labor organizations may be brought in any district court having jurisdiction over the parties. 29 U.S.C. § 185.

      The defendants argue that many of the state law claims raised in the plaintiffs' amended complaint are inextricably

intertwined with, and their resolution will depend upon the meaning of, the UNITE HERE union constitution.  Because a union constitution is a contract between labor organizations that is governed by § 301, United Assoc. Of Journeymen v. Local 334, 452 U.S. 615, 622 (1981), the defendants argue that the case is properly in federal court.

The full context of the parties' dispute can be gleaned from litigation among the same parties pending in the United States District Court for the Southern District of New York.  There, the Philadelphia Joint Board and various other labor organizations have claimed the right to disaffiliate from UNITE HERE and have sued seeking a declaration that the UNITE HERE union constitution is unenforceable.  UNITE HERE has filed a counterclaim seeking an order that, as a result of the improper disaffiliation, the Philadelphia Joint Board has forfeited its property, including its right to manage the local labor unions that were formerly affiliated with it.  This case is still pending.

Broadly speaking, the defendants argue that the plaintiffs are using the case before me to indirectly obtain a ruling that their disaffiliation from UNITE HERE was proper and that they may continue to manage the local labor unions.

While some of the claims asserted in the plaintiffs' amended complaint are purely state law claims, I am convinced

that others are inextricably intertwined with the meaning of UNITE HERE's union constitution, and therefore there is federal subject-matter jurisdiction over this case pursuant to § 301 of the Labor Management Relations Act.  For example, the plaintiffs' unfair competition claim in both the original and amended complaints is supported by the allegation that the defendants engaged in an illicit conspiracy to destroy Local 170's and the Philadelphia Joint Board's representation of employees at Atlantic City Linen Supply, Inc., a union employer, and that the conspiracy culminated in a directive issued by UNITE HERE's President stating that he was unilaterally transferring representation of the Atlantic City Linen employees from Local 170 to Local 54.

Finally, because federal subject-matter jurisdiction existed when the original complaint was filed, the plaintiffs' subsequent amendment of the complaint does not justify remand.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,  Sr. J